NOT RECOMMENDED FOR PUBLICATION
File Name: 24a0323n.06

Case No. 23-6082

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
Jul 25, 2024
KELLY L. STEPHENS, Clerk

|  |  |  |
|---|---|---|
| GLENN WHITING, | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | |
| | ) | ON APPEAL FROM THE |
| v. | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE EASTERN |
| CITY OF ATHENS, TENNESSEE; MIKE KEITH; | ) | DISTRICT OF TENNESSEE |
| BRANDON AINSWORTH, | ) | |
| Defendants-Appellees. | ) | OPINION |
| | ) | |

Before: STRANCH, BUSH, and MURPHY, Circuit Judges.

JOHN K. BUSH, Circuit Judge. Glenn Whiting sued the City of Athens, Tennessee and its employees for harassing him while he filmed a fireworks viewing party that was closed to the public. Several months later, City Manager Mike Keith told local news organizations that the City planned to cancel the following year's fireworks display because of Whiting's lawsuit. Whiting sued again, claiming that Keith contacted the media to retaliate against him for filing the first lawsuit. The district court dismissed Whiting's second case because he failed to allege that Keith's statements to local media were sufficiently adverse to support his retaliation claim. For reasons that follow, we affirm.

**I.**

**A. Factual Background**

Because this case comes to us at the motion-to-dismiss stage, we accept as true the facts alleged in Whiting's Complaint. *Jones v. City of Cincinnati*, 521 F.3d 555, 557 (6th Cir. 2008).

The City of Athens puts on an annual fireworks display in a regional park to celebrate Independence Day. The City closed the park after the onset of the COVID-19 pandemic, but it reopened the park to City employees and their family members to watch the 2022 fireworks show. After acquiring a guest ticket, Whiting decided to "record the event so that the excluded Athens citizens could know what their City employees were doing in the closed park." Compl., No. 3:23-CV-220, R. 1, PageID 6. Whiting alleged that City employees harassed him for his recording and accused him of videotaping children attending at the event "for prurient purposes." *Id.*, PageID 7. He sued several of those employees a few months later (No. 3:23-CV-002), alleging that their actions violated his First Amendment free-speech and free-association rights. The district court granted Defendants' motion for summary judgment in that case in June 2024.

The allegations in this case are based on events occurring several months after Whiting filed his initial lawsuit. In May 2023, local news organizations reported that the City planned to cancel its fireworks show because of "[a] man's pending lawsuit against several city officials over what happened at last year's event." *Id.*, PageID 4. One news organization, ABC Channel 9, included a link to Whiting's Complaint in the original action in its report. Keith was cited as the source of the information.

After news of the litigation was publicized, Whiting claimed that members of the Athens community began pressuring him to drop the lawsuit. He claimed that he was contacted directly by Athens citizens and business owners, and that other community members posted on social media "blaming [him] for the cancellation and urging him to dismiss his cases." *Id.*, PageID 4–5. He alleged that the public's response to news of his lawsuits "impaired [his] reputation and standing in the community" and caused him "personal humiliation." *Id.*, PageID 19.

## B. Procedural Background

Whiting filed this action in June 2023 (No. 3:23-CV-220). He sued Keith in his individual and official capacities, alleging that Keith retaliated against him for exercising his First Amendment right to petition the government when he notified the media of the City's reason for cancelling the fireworks show.[1] Whiting filed a third lawsuit several weeks later (No. 3:23-CV-221), claiming that the City Mayor lied about settlement negotiations between Whiting and the City. The district court granted the defendants' motion to dismiss all claims in Case No. 3:23-CV-221 in November 2023.

A magistrate judge assigned Whiting's three lawsuits (Nos. 3:23-CV-002, 3:23-CV-220, and 3:23-CV-221) to herself and the district court's chief judge. The magistrate judge explained that reassignment was warranted under Local Rule 3.2(d)(3) because the facts of the cases are related, and because she and the chief judge presided over Whiting's initial lawsuit regarding the fireworks display (No. 3:23-CV-002), so they were already familiar with Whiting's claims. Whiting objected to that decision and noted his concern that the judges would use their "personal knowledge of 'unrelated' litigation" to pre-judge the instant case. Pl.'s Obj. to Assignment Order, 3:23-CV-220, R. 9, PageID 53. After the district judge overruled his objection, Whiting filed a motion for recusal, advancing a similar argument.

In support of his claim of improper bias, Whiting cited a footnote from an Order in another case (No. 3:23-CV-002), in which the district court chastised Whiting's counsel for repeatedly

---

[1] In addition to his retaliation claim against Keith, Whiting asserted retaliation claims against the City and its Fire Chief, Brandon Ainsworth. He also asserted state law defamation claims against Keith and the City. The district court dismissed Whiting's retaliation claims against Ainsworth and the City, as well as the defamation claims, under Federal Rule of Civil Procedure 12(b)(6). Whiting does not challenge the dismissal of those claims in his opening brief on appeal. Thus, he has abandoned any challenge related to those issues. *United States v. Johnson*, 440 F.3d 832, 845–46 (6th Cir. 2006).

misrepresenting the nature of the court's orders and, at times, the facts of the case. The court noted that it had "been burned before by Whiting's sophistry" and emphasized that "[f]uture attempts to deceive the [c]ourt will not be tolerated." Order Denying Pl.'s Obj., No. 3:23-CV-002, R. 81, PageID 739 n.6. Whiting argued that the court's reference to other litigation in the footnote proved that the court was "us[ing] [its] personal knowledge from other cases to rule in separate matters," which made it impossible for the court to judge his case fairly. Mot. for Recusal, No. 3:23-CV-220, R. 15, PageID 99. The district court denied the motion because Whiting did not show that the court displayed a "'deep-seated antagonism' warranting recusal." Order on Mot. to Recuse, No. 3:23-CV-220, R. 21, PageID 172 (quoting *United States v. Liggins*, 76 F.4th 500, 506 (6th Cir. 2023)).

On Defendants' motion, the district court dismissed Whiting's claims pursuant to Federal Rule of Civil Procedure 12(b)(6). The court dismissed Whiting's retaliation claim because he did not show that Keith's statements to the media constituted an adverse action that would deter an average person from continuing to exercise his First Amendment rights. And the court rejected Whiting's request for leave to amend his Complaint "in the event the [c]ourt finds it deficient" because amendment would be futile. Order on Mot. to Dismiss, 3:23-CV-220, R. 34, PageID 599.

Whiting moved to amend the judgment under Rule 59(e) on the basis of newly discovered evidence. He attached messages from Ford Ector, a friend who attended the 2022 display with Whiting, and Ector's wife, explaining that they were not interested in suing the City alongside Whiting. Whiting claimed that the Ectors' messages show that Keith's retaliatory actions prevented Ector from filing a lawsuit against the City, and would therefore prevent a person of ordinary firmness from doing the same. He also cited evidence that Keith lied about canceling the fireworks display, which he suggested proved that Keith acted out of retaliatory animus when he

contacted local news media. The district court denied the motion because (1) his newly discovered evidence was not "new" for Rule 59(e) purposes, and (2) the evidence did not affect the court's conclusion that Keith's actions were insufficiently adverse to support a retaliation claim. Whiting timely appealed.

## II.

### A. Motion to Recuse

Whiting first argues that the district judge should have recused himself. He claims that the district judge improperly relied on Whiting's attorney's conduct in other proceedings to form an unfavorable opinion of Whiting. He also argues that the magistrate judge's order assigning his three cases to the same judges proves that both judges "fully intend to use their personal knowledge of unrelated cases to reach conclusions" about the instant case. Appellant Br. at 25.

We review the denial of Whiting's motion to recuse for an abuse of discretion. *Liggins*, 76 F.4th at 505. A judge is required to recuse from any proceeding "in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). As examples, a judge should disqualify himself if he "has a personal bias or prejudice" against a party, or "personal knowledge of evidentiary facts concerning the proceeding." *Id.* § 455(b)(1). A party requesting recusal must show that the judge harbors a "personal bias" that "stem[s] from an extrajudicial source"—in other words, from "some source other than participation in the proceedings or prior contact with related cases." *Youn v. Track, Inc.*, 324 F.3d 409, 423 (6th Cir. 2003) (quoting *United States v. Grinnell Corp.*, 384 U.S. 563, 583 (1966)). A court's judicial rulings do not provide grounds for recusal unless those rulings "display a deep-seated favoritism or antagonism that would make fair judgment impossible." *Liteky v. United States*, 510 U.S. 540, 555 (1994); *see Taylor Acquisitions,*

*LLC v. City of Taylor*, 313 F. App'x 826, 838 (6th Cir. 2009) ("A party cannot establish bias simply because it is unhappy with a district judge's rulings.").

The district court did not abuse its discretion in denying Whiting's motion to recuse. The footnote that serves as the basis for Whiting's motion, in which the district court sanctioned counsel for his conduct in other cases involving Whiting, is based entirely on the court's prior interactions with counsel in related proceedings. The court's remarks to counsel rely on no extrajudicial source, and they are not "so extreme as to display clear inability to render fair judgment." *Liteky*, 510 U.S. at 551, 555 ("[J]udicial remarks during the course of a trial that are critical or disapproving of . . . counsel . . . ordinarily do not support a bias or partiality challenge."); *Ullmo ex rel. Ullmo v. Gilmour Acad.*, 273 F.3d 671, 681 (6th Cir. 2001) (holding that counsel's statement that the district judge "had an 'animus' toward him" did not establish bias). Contrary to Whiting's claim, a judge is not required to recuse simply because he has presided over another case involving the same party. Indeed, the Supreme Court has explained that the "opinions held by judges as a result of what they learned in earlier proceedings" do not render them personally biased under § 455. *Liteky*, 510 U.S. at 551.

Similarly, Whiting has not shown that the magistrate judge's reassignment order was based on an extrajudicial source, or that it displayed "the degree of favoritism or antagonism required . . . when no extrajudicial source is involved." *Id.* at 555. Rather, it was entirely reasonable for the magistrate judge to conclude that the allegations at issue here were sufficiently related to warrant consideration by the same district judge, even if those allegations could not be joined to Whiting's Complaint in a separate action. Whiting has not cited any evidence demonstrating that the district judge was personally biased against him or his counsel. His first claim fails.

## B. Motion to Dismiss

We next consider whether the district court erred in denying Whiting's motion to dismiss. We review a district court's denial of a motion to dismiss for failure to state a claim de novo. *Booth Fam. Tr. v. Jeffries*, 640 F.3d 134, 139 (6th Cir. 2011). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In considering whether to affirm the grant of a Rule 12(b)(6) motion, we "construe the complaint in the light most favorable to the plaintiff" and "draw all reasonable inferences in its favor." *Keene Grp., Inc. v. City of Cincinnati*, 998 F.3d 306, 310 (6th Cir. 2021).

Whiting challenges only the dismissal of his First Amendment retaliation against Keith on appeal. To prevail on that claim, Whiting was required to allege facts establishing that "(1) [he] engaged in protected conduct; (2) an adverse action was taken against [him] that would deter a person of ordinary firmness from continuing to engage in that conduct; and (3) there is a causal connection between elements one and two—that is, the adverse action was motivated at least in part by [his] protected conduct." *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (en banc) (Moore, J., plurality opinion). The district court held, and the parties agree, that Whiting's conduct at issue in this case—filing lawsuits against the City and its employees—is protected.

The district court dismissed Whiting's retaliation claim because he failed to establish that Keith's conduct was an adverse action. Under the second prong, determining the severity of an adverse action and its effect on a "person of ordinary firmness" are ordinarily questions of fact. *Id.*; *Bell v. Johnson*, 308 F.3d 594, 603 (6th Cir. 2002). But some actions are "so *de minimis* that

they do not rise to the level of a constitutionally cognizable injury." *Maben v. Thelen*, 887 F.3d 252, 266 (6th Cir. 2018); *see Wurzelbacher v. Jones-Kelly*, 675 F.3d 580, 584–85 (6th Cir. 2012).

The district court correctly determined that Keith's conduct was not sufficiently severe to support Whiting's retaliation claim. Whiting alleged that Keith informed local news organizations that Whiting's lawsuit related to the fireworks show was the reason that the 2023 display was canceled. We have repeatedly held that statements made regarding publicly available information do not constitute adverse actions. *See, e.g.*, *McComas v. Bd. of Educ., Rock Hill Loc. Sch. Dist.*, 422 F. App'x 462, 469 (6th Cir. 2011) (superintendent's statement at School Board meeting regarding the plaintiff's role in a fight at school was not an adverse action); *Mezibov v. Allen*, 411 F.3d 712, 722–23 (6th Cir. 2005) (prosecutor's statements to local news media that the plaintiff "is a bad attorney, that he is inexperienced, and that he was putting his own interests before those of his client" are insufficiently adverse); *Mattox v. City of Forest Park*, 183 F.3d 515, 522–23 (6th Cir. 1999) (publishing a report detailing plaintiffs' efforts at investigating the City's Fire Department, which included "revealing personal statements," was not an adverse action). *But see Bloch v. Ribar*, 156 F.3d 673, 679–681 (6th Cir. 1998) (sheriff's discussion of private details of the plaintiff's rape allegations during a press conference was an adverse action).

Keith's statements to local media did little more than draw attention to Whiting's lawsuit against the City, which was already a matter of public record. Keith's conduct did not cause Whiting to "suffer a threat to his economic livelihood . . . [to be] defamed . . . [or to] endure a search or seizure of property . . . and [he] did not experience the public disclosure of intimate or embarrassing information." *Wurzelbacher*, 675 F.3d at 584. Whiting alleged that he fielded calls from upset friends and strangers urging him to dismiss his lawsuit, which undoubtedly took a toll on his well-being. But allegations of a "generalized harm to [a plaintiff's] character and

reputation" are insufficient to show an adverse injury. *Mezibov*, 411 F.3d at 722. Moreover, the fact that Whiting did not, in fact, dismiss his lawsuits in response to the media coverage provides evidence that Keith's conduct does not satisfy the second prong of his claim. *Wurzelbacher*, 675 F.3d at 584 (finding no adverse action where the plaintiff "does not allege that defendants' actions in fact caused a 'chill' of his First Amendment rights"). Just as Keith's statements did not deter Whiting from exercising his First Amendment right to petition, the district court properly concluded that those statements would not deter a person of ordinary firmness from continuing to litigate against the City.

Whiting contends that the district court should have considered Defendants' conduct in all three of his lawsuits involving the fireworks show when determining whether he alleged an adverse action. Appellant Br. at 29–32. In addition to the conduct at issue here, he argues that the City engaged in a "campaign of harassment" when it (1) "verbally abuse[d]" Whiting while he filmed the 2022 show (No. 3:23-CV-002), and (2) lied about Whiting's conduct during settlement negotiations (No. 3:23-CV-221). But the conduct alleged in Whiting's other lawsuits—which occurred at different times, involved different City employees, and in one case, was taken in response to a different protected activity—cannot support Whiting's claim here. *See Lahar v. Oakland Cnty.*, 304 F. App'x 354, 359 (6th Cir. 2008) (holding that when considered in the aggregate, actions that "did not occur all at once" are unlikely to be deemed adverse).

Whiting also argues that the district court "doubt[ed] the veracity of actual evidence" he provided as proof that Keith's conduct amounts to an adverse action. Appellant Br. at 27. He argues that he attached records of his conversations with Ector and his wife that prove that Ector was actually deterred from filing an adverse action because of Keith's statements. *Id.* at 35. We reject that argument for two reasons. First, Whiting did not include any allegations regarding his

conversations with Ector in his Complaint. Whiting appears to argue that the district court should have granted his request to amend "should [the district court] determine that more explicit allegations are needed," which he included in his response to Defendants' motion to dismiss. Appellant Br. at 40. But the court did not abuse its discretion in denying his request because he failed to state with particularity the grounds for amendment, and he did not file a separate motion. *See Evans v. Pearson Enters.*, 434 F.3d 839, 853 (6th Cir. 2006) (affirming denial of motion to amend complaint where plaintiff's request "failed to state the grounds for relief with particularity" and "was not clearly presented as a distinct motion").[2]

Second, even if Whiting had alleged that Ector was deterred by the media reports of Whiting's litigation, that fact does not require us to conclude that Keith's statements would deter "a person of ordinary firmness" from exercising his First Amendment rights. *Thaddeus-X*, 175 F.3d at 394. If we were to permit Whiting's claim to proceed because he alleged that Keith's statements deterred a single friend from filing a lawsuit, we would essentially validate retaliation claims "for *any* adverse action[,] no matter how minor," which would in turn risk "'trivializ[ing] the First Amendment.'" *Bell*, 308 F.3d at 603 (citation omitted). Whiting's retaliation claim was properly dismissed.

## C. Motion to Amend

Whiting claims that the district court erred in denying his request to amend the judgment dismissing his case under Federal Rule of Civil Procedure 59(e). A party requesting amendment

---

[2] Whiting supports his argument with copies of his messages between himself, Ector, and Ector's wife, but those records are not included in Whiting's Complaint and so may not be considered at the motion-to-dismiss stage. *Kostrzewa v. City of Troy*, 247 F.3d 633, 643 (6th Cir. 2001). Whiting appeared to acknowledge that the district court could not venture beyond the pleadings in ruling on Defendants' motion below. *See* Response to Defs.' Mot. to Dismiss, 3:23-CV-220, R. 16, PageID 111, 113 (noting that Whiting has "zero duty to produce evidence" and that the court can "depend only upon Whiting's allegations" at the motion-to-dismiss stage).

under Rule 59(e) must show "(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." *Henderson v. Walled Lake Consol. Schs.*, 469 F.3d 479, 496 (6th Cir. 2006) (quoting *Intera Corp. v. Henderson*, 428 F.3d 605, 620 (6th Cir. 2005)). Because the district court denied relief on the basis that Whiting's proposed amendments to the Complaint would be futile, we apply de novo review. *Evans*, 434 F.3d at 853 (applying de novo review when a request to amend is denied "on grounds of futility" because the decision is "based on a legal conclusion").

Whiting claims that the district court should have permitted him to amend his Complaint to include allegations pertaining to his conversations with Ector, and facts demonstrating that Keith lied when he told the media that the 2023 fireworks show would be cancelled. The district court held that, even if the Complaint was amended to include those "facts," its conclusion that he failed to allege an adverse action would not change. Order on Mot. to Amend, 3:23-CV-220, R. 44, PageID 603. We agree. As just explained, even if we assume that Keith's statements prevented Ector from speaking out against the City, that fact does not render Keith's conduct sufficiently severe to constitute an adverse action. Nor does the fact that Keith knew that the fireworks show was not cancelled when he spoke to the media. A City Manager's comment to local media about pending litigation is not an adverse action, and Whiting provided no change in the law or the facts that would require the district court to amend its decision. The district court properly denied Whiting's Rule 59(e) motion.

## D. Attorney's Fees

Defendants claim that they are entitled to an award of attorney's fees under 42 U.S.C. § 1988, 28 U.S.C. § 1927, and Tenn. Code Ann. § 29-20-113. They filed a motion seeking fees and costs before the district court. But this motion remains pending in the district court. We thus

lack appellate jurisdiction to consider this claim unless and until the Defendants appeal from the district court's "final fee award." *JPMorgan Chase Bank, N.A. v. Winget*, 920 F.3d 1103, 1107 (6th Cir. 2019).

## III.

For the foregoing reasons, we affirm. We deny as moot Whiting's motion to expedite and for an injunction pending appeal.